UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL MARTINEZ-HERRERA,<br><br>Defendant. | No.  2:15-cr-00149-KJM<br><br><br><br>ORDER |

Defendant Miguel Martinez-Herrera was sentenced on July 23, 2014 to sixty-three (63) months in prison on his plea of guilty to the charge of being a deported alien found in the United States under 8 U.S.C. §§ 1326(a) and (b)(2).  As part of his plea agreement, defendant agreed to waive his right to appeal his guilty plea, conviction, and sentence.  ECF No. 12 at 8.  Defendant now moves to proceed in forma pauperis, requesting the court waive costs associated with filing the pending motion and a motion under 28 U.S.C. § 2255.  Defendant also moves to waive costs for copies of transcripts of his sentencing hearing held on September 16, 2015, arguing the transcripts are necessary to determine whether he has grounds to file a claim of relief after the Supreme Court issued its opinion in *Johnson v. United States*, __ U.S. __, 135 S.Ct. 2551 (2015).

As a threshold matter, a motion under § 2255 is filed as part of the underlying criminal prosecution. *See* 28 U.S.C. § 2255. As a result, a § 2255 motion requires no prepaid fee in order to proceed. *United States v. Ventura*, No. CR S-05-382 GEB DAD, 2010 WL 4137470, at *3 (Oct. 19, 2010), *report and recommendation adopted*, 2010 WL 5168770 (E.D. Cal. Dec. 14, 2010).

With respect to defendant's request to obtain transcripts, a prisoner is not constitutionally or statutorily authorized to receive free copies of transcripts simply because he brings a § 2255 petition for post-conviction relief. The relevant statute provides:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeals is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f). Because defendant has not filed the substance of a § 2255 motion at this time, the court cannot reach a decision regarding whether the motion is frivolous or not. And the court cannot authorize payment for transcripts before a substantive motion is filed. *United States v. MacCollom*, 426 U.S. 317, 321 (1976); *see also United States v. Andrade*, No. CR F-03-5363, 2009 WL 1405016, at *2 (E.D. Cal. May 19, 2009). Section 753(f) does not provide for any exception under special circumstances nor does defendant suggest special circumstances exist here.

Accordingly, defendant's motion to proceed in forma pauperis and obtain copies of the transcript of his sentencing hearing at the government's expense is DENIED without prejudice.

Given that the court is issuing this order a mere three days prior to the June 26, 2016 deadline for filing a motion based on the *Johnson* decision, in the interests of justice the court construes defendant's filing dated June 10, 2016, ECF 20, as an abridged motion to the extent it raises claims based on *Johnson*. Petitioner shall file a supplemental brief or memorandum of points and authorities fully briefing the *Johnson* issues pointed to by his June 10

1  filing no later than September 26, 2016.  Once any supplemental papers are filed, the court will
2  issue a briefing schedule if the court deems it necessary.
3             IT IS SO ORDERED.
4   DATED: June 23, 2016.

_____
UNITED STATES DISTRICT JUDGE